**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MELVIN WIAND,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 3:16-CV-2363-M** |
| | ) | |
| **WARDEN T.J. HARMON and NFN** | ) | |
| **FREEMAN,** | ) | |
| **Defendants.** | ) | |

**AMENDED FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The amended findings, conclusions and recommendation of the Magistrate Judge follow:

## I. Background

Plaintiff is a federal prisoner confined in the Federal Correctional Institution (FCI) - Seagoville in Seagoville, Texas. He filed this complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. In his complaint, he named Warden T.J. Harmon as the sole Defendant. In his November 28, 2016, objections to the Magistrate Judge's November 7, 2016, Findings, Conclusions and Recommendation, Plaintiff added the "prison medical staff" as Defendants and added a claim under the Americans with Disabilities Act. In his December 20, 2016, responses to the Magistrate Judge's Questionnaire,

he clarified that the "prison medical staff" Defendants were Health Services Administrator Ms. Freeman and John Doe Prison Clinical Director. He states he sues all Defendants in their individual and official capacities.

Plaintiff claims Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to timely schedule him for cataract surgery. He seeks money damages.

## II. Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

### III. Discussion

**1. Official Capacity**

Plaintiff sues Defendants in their official capacities. A *Bivens* action against a federal officer in his or her official capacity is barred by the doctrine of sovereign immunity. *See Corrections Servs. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001) (observing that *Bivens* provides a cause of action only against government officers in their individual capacities); *Williamson v. United States Dept. of Agriculture*, 815 F.2d 368, 373 (5th Cir. 1987) (the doctrine of sovereign immunity "renders the United States, its departments, and its employees in their official capacities as agents of the United States, immune from suit except as the United States has consented to be sued."). Therefore, all official capacity claims against Defendants lack any basis in law and should be dismissed as frivolous.

**2. John Doe Defendant**

Plaintiff names John Doe Prison Clinical Director as a Defendant. The Court is unable to issue process to a John Doe Defendant. This Defendant should be dismissed without prejudice to Plaintiff filing a motion to amend his complaint to add this Defendant if he determines this Defendant's name.

### III. Recommendation

For the foregoing reasons, the Court recommends that: (1) Plaintiff's claims against Defendants in their official capacities be dismissed as frivolous; and (2) Plaintiff's claims against

John Doe Prison Clinical Director be dismissed without prejudice.

    Signed this 5th day of January, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).