# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

MELVIN WIAND,                          §
           Plaintiff,              §
v.                                     §     No. 3:16-CV-2363-M (BF)
WARDEN T.J. HARMON and                 §
NFN AMANDA FREEMAN,                     §
           Defendants.            §

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to United States Magistrate Judge Paul D. Stickney for pretrial management. Before the Court is Motion to Dismiss [ECF No. 23] filed by Warden T.J. Harmon ("Warden Harmon") and NFN Amanda Freeman ("NFN Freeman") (collectively, "Defendants"). No response has been filed and the time to do so has passed. Upon consideration, the undersigned respectfully recommends that the District Court **GRANT** the Motion to Dismiss [ECF No. 23].

## BACKGROUND

Plaintiff Melvin Wiand ("Plaintiff") was a federal prisoner who was confined in the Federal Correctional Institution (FCI) - Seagoville located in Seagoville, Texas during the relevant time period. Compl. 3, ECF No. 3. Plaintiff filed his Complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Compl. 4, ECF No. 3. Plaintiff is proceeding *pro se* and the Court granted him leave to proceed *in forma pauperis*. *See* Order, ECF No. 6. Plaintiff's Complaint named Warden Harmon as the sole defendant. Compl. 1, ECF No. 3. Plaintiff alleged that he was subject to cruel and unusual punishment because his eye surgery was delayed by two years. Compl. 2, ECF No. 3. Plaintiff seeks $250,000 in compensatory damages for the pain and suffering he endured during the two years he was allegedly legally blind in his right eye. Compl. 4, ECF No. 3. In his November 28, 2016 objections to the Magistrate

November 7, 2016 Findings, Conclusions, and Recommendation, Plaintiff added the "prison medical staff" as defendants and also added a claim under the Americans with Disabilities Act ("ADA"). Objs. 3 & 13, ECF No. 9. In his December 20, 2016 responses to the Magistrate Judge's Questionnaire, Plaintiff clarified that the "prison medical staff" defendants were NFN Freeman and John Doe Prison Clinical Director. Resp., ECF No. 11 at 3 & 6. The Magistrate Judge's January 5, 2017 Amended Findings, Conclusions, and Recommendation ("Amended Findings") recommended that Plaintiff's claims against Defendants in their official capacities be dismissed as frivolous and that Plaintiff's claims against the John Doe Prison Clinical Director be dismissed without prejudice. Am. Findings 3, ECF No. 13. On January 31, 2017, the District Court accepted the Magistrate Judge's January 5, 2017 Amended Findings. *See* Order, ECF No. 17. On March 27, 2017, Defendants filed their Motion to Dismiss arguing that Plaintiff's claims under the ADA and his claims against NFN Freeman should be dismissed for lack of subject matter jurisdiction. Mot. to Dismiss 1, ECF No. 23. In addition, Defendants argue that Plaintiff's claims against Warden Harmon should be dismissed for failure to exhaust administrative remedies or failure to state a claim. Mot. to Dismiss 1, ECF No. 23.

## **DISCUSSION**

### ADA Claims

Defendants argue that Plaintiff's ADA claims should be dismissed for lack of subject matter jurisdiction, because the public entities defined in the ADA are state or local governments and their instrumentalities, and the United States, its agencies, and employees are not public entities under the ADA. Defs.' Br. 7-8, ECF No. 24. "[T]he entire federal government is excluded from the coverage of the ADA." *Hendrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003). Therefore, "the ADA is not

2

applicable to . . . federal agencies such as the BOP." *Strunk v. Restro*, No. 3:16-CV-1470-L (BK), 2016 WL 7496183, at *2 (N.D. Tex. Nov. 18, 2016) (citing *Hendrickson*, 327 F.3d at 447; *Chamberlain v. Chandler*, 344 F. App'x 911, 913 (5th Cir. 2009)). Therefore, "any claim under the ADA against Defendants should be dismissed for want of jurisdiction." *Id.*

### Bivens Claims

Defendants argue that Plaintiff's claims against NFN Freeman should be dismissed, because she is entitled to absolute immunity. Defs.' Br. 8, ECF No. 24. Defendants argue that a claim against a Public Health Service Officer regarding acts or omissions during the course of the officer's duties fail, because such a claim is preempted by statute. Defs.' Br. 8, ECF No. 24. 42 U.S.C. § 233(a) "grants absolute immunity to [Public Health Service] officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct." *Hui v. Castaneda*, 559 U.S. 799, 806 (2010). Defendants submit the affidavit of NFN Freeman wherein she states that she has been a Commissioned Corps. Officer of the United States Public Health Service since November 18, 2009, and the conduct alleged took place while she was carrying out her official duties as the Assistant Health Services Administrator at FCI Seagoville. Defs.' Br. 9, ECF No. 24; Freeman Decl., ECF No. 25-1 at 16. Therefore, Plaintiff's *Bivens* claims against NFN Freeman is barred by absolute immunity. *See Beard v. Bureau of Prisons*, No. 4:11-CV-383-Y, 2013 WL 5951160, at *4 (N.D. Tex. Nov. 7, 2013).

Defendants argue that Plaintiff's claims against Warden Harmon cannot prevail, because Plaintiff failed to exhaust his administrative remedies. Defs.' Br. 10, ECF No. 24. Defendants contend that Plaintiff failed to file at the three levels required and did not receive a substantive response on the merits from the Office of the General Counsel. Defs.' Br. 12, ECF No. 24; Cole

3

Decl., ECF No. 25-1 at 3-4. The Prisoner Litigation Reform Act ("PLRA") requires inmates to exhaust administrative remedies for all "action[s] . . . brought with respect to prison conditions" prior to filing suit in federal court pursuant to federal law. *Romero v. Carpenter*, Civ. Action No. H-15-3017, 2017 WL 2730768, at *1 (S.D. Tex. June 26, 2017) (citing 42 U.S.C. §§ 1997e(a)-(c)). "The Supreme Court has held repeatedly that § 1997e(a) requires exhaustion of all administrative procedures before an inmate can sue in federal court." *Id.* at *2 (citing *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). The Fifth Circuit has also explained that a prisoner is required to exhaust administrative remedies prior to seeking monetary damages for a *Bivens* claim. *See Thompson v. Houston Fed. Det. Ctr.*, 598 F. App'x 295, 296 (5th Cir. 2015) ("[A] prisoner is required to exhaust administrative remedies even when seeking [monetary] damages. . . . [D]istrict courts have no discretion to excuse a failure to exhaust[.]") (citing 28 U.S.C. § 1915A; *Bivens*, 403 U.S. at 388; *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001); *Murrell v. Chandler*, 109 F. App'x 700, 700-01 (5th Cir. 2004); *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012))). Because Plaintiff failed to exhaust his administrative remedies, Plaintiff's *Bivens* claims against Warden Harmon should be dismissed.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court

**GRANT** Defendants' Motion to Dismiss [ECF No. 23] and dismiss this case with prejudice.

SO RECOMMENDED, this ___ day of _____, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).