UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELVIN WIAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:16-CV-2363-M (BT) |
| | § | |
| T.J. HARMON and NFN FREEMAN, | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This *pro se* civil action has been automatically referred to the United States magistrate judge for pretrial management pursuant to Special Order No. 3-251. Before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 47], filed on May 1, 2018. Plaintiff filed a previous Application to Proceed *In Forma Pauperis* [ECF No. 4], which was granted by the Court on August 26, 2016. *See* Order [ECF No. 6]. To the extent that Plaintiff seeks to proceed *in forma pauperis* on appeal, such a request should be **DENIED without prejudice**. As explained below, Plaintiff must comply with 28 U.S.C. § 1915(a) and Federal Rule of Appellate Procedure 24(a).

### DISCUSSION

The standards governing motions to proceed *in forma pauperis* are set forth in 28 U.S.C. § 1915(a). In order to proceed *in forma pauperis* on appeal, the movant must submit an affidavit that states "the nature of the action, defense or

1

appeal and affiant's belief that he is entitled to redress." 28 U.S.C. § 1915(a); *see also* Fed. R. App. P. 24(a)(1) ("The party must attach an affidavit that: (A) shows in the detail prescribed by Form 4[1] of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal.").

A court may deny a motion to proceed *in forma pauperis* if an appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3). "An appeal is taken in good faith if it presents an arguable issue on the merits or factual basis for the claim and therefore is not frivolous." *Washington v. Plano Indep. Sch. Dist.*, 2017 WL 2416331, at *2 (E.D. Tex. June 5, 2017) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983)). "To that end, a movant must demonstrate the existence of a non-frivolous issue for appeal." *Id.* (citing *Payne v. Lynaugh*, 843 F.2d 177, 178 (5th Cir. 1988)). "If the district court cannot discern the existence of any non-frivolous issue on appeal, then an appeal is not taken in 'good faith' and the movant's petition to appeal *in forma pauperis* must be denied." *Id.* (citing *Howard*, 707 F.2d at 220). "The district court should consider any pleadings and motions of a *pro se* litigant under less stringent standards than those applicable to licensed attorneys." *Id.*

---

[1] Form 4 Affidavit Accompanying Motion for Permission to Appeal *In Forma Pauperis* can be found on the website for the United States Court of Appeals for the Fifth Circuit at: http://www.ca5.uscourts.gov/docs/default-source/forms-and-documents---clerks-office/forms-and-samples/financialaffidavit.pdf.

(citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "Notwithstanding, although *pro se* briefs must be liberally construed, even *pro se* litigants must brief arguments in order to preserve them." *Id.* (*Yohey v. Collins*, 985 F.2d 222, 222-25 (5th Cir. 1993)).

Without the appropriate affidavit, the Court cannot begin to discern the existence of a non-frivolous issue for appeal, much less whether the appeal is taken in "good faith." Unless and until Plaintiff makes this showing by an affidavit, the District Court should deny him leave to proceed *in forma pauperis* on appeal.

## **RECOMMENDATION**

For the reasons discussed herein, Plaintiff's request to proceed *in forma pauperis* on appeal [ECF No. 47] should be **DENIED without prejudice**.

**SO RECOMMENDED**.

May 4, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).